## MOORE *v.* UNITED STATES (No. 170).[1]

CORRUGATED GALVANIZED-IRON SHEETS.

An article of merchandise is dutiable in the condition it finds itself when imported; and corrugated-iron sheets that have been galvanized were not dutiable under paragraph 131, tariff act 1897, but were dutiable under paragraph 193 of that act, though not subject to the additional duty of two-tenths of 1 cent per pound under paragraph 132 of said act.—Declining to follow Meurer Bros. Co. (T. D. 26152) and John D. Glück & Son (T. D. 26866).

### United States Court of Customs Appeals, November 30, 1910.

TRANSFERRED from the United States Circuit Court for the Northern District of California (T. D. 28910).

[Modified and affirmed.]

*William Denman* for appellants.

*D. Frank Lloyd*, Assistant Attorney General (*William A. Robertson* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise consists of corrugated-iron sheets. Duty was assessed upon them at 45 per cent ad valorem under paragraph 193 of the tariff act of 1897, with two-tenths of 1 cent per pound additional under paragraph 132.

Paragraph 193 reads as follows:

Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

Paragraph 132 reads as follows:

All iron or steel sheets or plates, and all hoop, band, or scroll iron or steel, excepting what are known commercially as tin plates, terne plates, and taggers tin, and hereinafter provided for, when galvanized or coated with zinc, spelter, or other metals, or any alloy of those metals, shall pay two-tenths of one cent per pound more duty than if the same was not so galvanized or coated.

The importers claim that the goods are dutiable at the specific rates provided for in paragraphs 131 and 132. They make the additional claim that, if the goods fall under paragraph 193, the imposition of additional duty for galvanization was unauthorized.

---

[1] Reported in T. D. 31117 (19 Treas. Dec., 31117).

Paragraph 131 reads as follows:

Sheets of iron or steel, common or black, of whatever dimensions, and skelp iron or steel, valued at three cents per pound or less, thinner than number ten and not thinner than number twenty wire gauge, seven-tenths of one cent per pound; thinner than number twenty wire gauge and not thinner than number twenty-five wire gauge, eight-tenths of one cent per pound; thinner than number twenty-five wire gauge and not thinner than number thirty-two gauge, one and one-tenth cents per pound; thinner than number thirty-two wire gauge, one and two-tenths cents per pound; corrugated or crimped, one and one-tenth cents per pound: *Provided*, That all sheets of common or black iron or steel not thinner than number ten wire gauge shall pay duty as plate iron or plate steel.

The Board of General Appraisers overruled the protests, the importers appealed to the United States Circuit Court for the Northern District of California, and the case has been transferred from that court to this.

The case in its present state presents only questions of law, no evidence having been taken before the Board of General Appraisers, a stipulation having been filed in the Circuit Court, however, that a reference might be later had if the holding of the court should make testimony competent or available to the appellants.

The question of first importance is whether the importation was dutiable under section 131. The contention of the appellant is that under the terms of paragraph 131 corrugated or crimped sheets of iron or steel, without regard to value, are dutiable at $1\frac{1}{10}$ cents per pound. This contention is based upon a consideration of the statute which makes the words "corrugated or crimped" and what follows relate back only to the words "sheets of iron or steel" and excludes any relation of those words to the other preceding language of the section. It is urged that corrugated or crimped iron or steel is commercially different in kind from common iron or skelp iron.

We think, at the outset, that the appellant misconceives the sense in which the word "common" is used in the first part of the section. "Sheets of iron or steel, common or black," should, we think, be construed as though it read "sheets of iron or steel, black, of whatever dimensions," etc. The word "or" as used in this place is used in the sense of "to wit,"—"sheets of iron or steel, common, to wit, black." This is not an uncommon use of the word, as is found by a reference to the authorities. See Blumenthal v. Berkshire Life Ins. Co. (134 Mich., 216;) also, Anderson's Dictionary of Law (p. 737), where it is said: "'Or' may be used in the sense of 'to wit'—explaining what precedes. The word 'or' in the statute is often used in the sense of 'to wit'—that is, in explanation of what precedes—and gives to that which precedes the same signification which follows it," citing authorities.

If we are correct in this, the words "sheets of iron or steel, common or black," define a class of sheets of steel under which corrugated or crimped would come, and it is, we think, clear that the other limitation placed upon the kind of common steel or iron which are intended to be covered by the paragraph, to wit, the limitation as to

the value, applies with equal force to all sheets of iron or steel provided for in the paragraph, including corrugated or crimped.

The exact question has not been before the courts for adjudication, but the contention has been made heretofore that the words "valued at 3 cents per pound or less" relate only to skelp iron or steel.   This contention was overruled in Hampton *v*. United States (116 Fed. Rep., 109).

The importation in question, being of greater value than 3 cents per pound, does not therefore fall within paragraph 131, and as it is not specifically defined in any other paragraph, it was clearly dutiable under paragraph 193.

It is further contended that in fixing the value of the importation for the purpose of determining whether it falls under paragraph 131, its value before being galvanized should be ascertained.   This contention is based upon paragraph 132, which imposes an additional duty upon sheets of steel or iron when galvanized, providing that the importer shall pay two-tenths of 1 cent per pound more duty than if the same was not so galvanized or coated.   The claim of the protestant that there should be a valuation of this importation on a basis of something other or different than its condition at the date of its importation is so at variance with every provision of the administrative act and with the custom and practice which has obtained from the earliest history of tariff laws as to preclude such an interpretation, except when couched in the very clearest language.   We find no such authority conferred on appraisers; on the contrary, the statute expressly requires that the appraisers shall appraise the goods in the condition in which they are at the time of their importation. See Paturel *v*. Robertson (41 Fed. Rep., 329); Worthington *v*. Robbins (139 U. S., 337), and Dwight *v*. Merritt (140 U. S., 219).

The further contention is made that if paragraph 193 applies, then by its very terms paragraph 132 can not.   There is much force in this contention.   Paragraph 132 follows paragraph 131, in which a specific, definite finding as to the rate of duty which iron or steel sheets would bear is ascertainable, and the purpose of paragraph 132 was to add two-tenths of 1 cent per pound when galvanized, and this two-tenths of 1 cent per pound was said to be *more duty* than if the same was not galvanized or coated.   This would be easy of ascertainment in a case coming within the provisions directly imposing a duty upon the sheets of iron or steel specifically.   But it will be noted that the catch-all clause, paragraph 193, relates to all classes of importations · not specifically provided for, including articles composed wholly or in part of iron, steel, lead, copper, · nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, which would include of necessity the metal employed in galvanizing, and upon articles of this class a duty of 45 per cent ad valorem is fixed. We think this contention should be allowed, and that the provisions of paragraph 132 can only be applied in cases where specific duty is in terms imposed upon the sheets of steel or iron, etc.

We do not overlook the cases (T. D. 26152 and T. D. 26866). It is true that in these cases the board took a different view of these paragraphs. What considerations were brought to the attention of the board does not appear. The language of the board was:

Being, however, galvanized, they are covered by the express terms of paragraph 132, and are subject to the additional duty of two-tenths of 1 cent per pound therein provided for galvanized-iron sheets.

We do not agree with this interpretation of the statute. Under paragraph 193 there is no means of ascertaining authoritatively what the duty on this importation would have been had it not been galvanized. The appraisal is of the goods as imported, and necessarily so, and we can not accept the view that in addition to the full duty of 45 per cent ad valorem upon the article, which perhaps *for the very reason* that it is galvanized is brought within the provisions of section 193, and is placed there for the purpose of fixing the appraisal, that the additional duty should be imposed of two-tenths of 1 cent per pound because of a *condition which resulted in bringing it within that paragraph*. It does not and can not be made to appear that this importation would be dutiable at all under paragraph 193 had it not been galvanized. It is a fair inference in the present case that it would not have been, as the value of the goods as found by the collector was only 3.68 cents per pound, and it may well be inferred that the sixty-eight hundredths of a cent would no more than cover the cost of galvanizing. But be that as it may, there is certainly no provision for any authoritative ascertainment of what would have been the dutiable value or the duty upon this importation had it not been galvanized.

The decision of the Board of General Appraisers is modified to the extent of directing a reliquidation, excluding the two-tenths of 1 cent per pound additional duty.