UNITED STATES *v.* VIETOR.   (No. 207.)[1]

1. PROVISO TO .PARAGRAPH 402, TARIFF ACT OF 1909.

The proviso to paragraph 402, tariff act of 1909, "That tamboured, embroidered, or appliquéed articles or fabrics shall pay no less rate of duty than that imposed upon the material if not so tamboured, embroidered, or appliquéed," is operative only when it appears that the duty on the articles or fabrics with the appliqué removed would under paragraph 399 of that act exceed the duty at sixty per centum provided by paragraph 402.

2. SILK WOVEN FABRICS, APPLIQUÉED.

Articles composed of silk or mainly of silk or of silk and metal, and appliquéed, are not dutiable under paragraph 399, tariff act of 1909, but are dutiable under paragraph 402 of that act.

United States Court of Customs Appeals, February 28, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York,
G. A. 6979.(T. D. 30337).

(Affirmed.]

*D. Frank Lloyd*, Assistant Attorney General (*William K. Payne* on the brief), for the United States.

*John Durrell Smith* (*John Giblon Duffy* of counsel) for the appellees.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from the decision of the Board of General Appraisers to the United States Circuit Court for the Southern District of New York, transferred to this court under the provisions of the act of Congress of August 5, 1909.

The goods involved were appliquéed articles coming under the provisions of paragraph 402 of the act of 1909, the pertinent provisions of which read as follows:

* * * articles * * * appliquéed * * * ; all of the foregoing composed of silk, or of silk and metal, or of which silk is the component material of chief value, * * * not specially provided for in this section, * * * sixty per centum ad valorem; * * * *Provided further*, That tamboured, embroidered, or appliquéed articles or fabrics shall pay no less rate of duty than that imposed upon the material if not so tamboured, embroidered, or appliquéed.

The collector, in fixing the duty upon the importation, relied upon paragraph 399, which fixes a specific duty upon silks by the pound, depending upon the weight, as follows:

Woven fabrics in the piece, composed wholly or in chief value of silk, not specially provided for in this section, weighing not more than one-third of one ounce per square yard, four dollars per pound; weighing more than one-third of one ounce, but not more than two-thirds of one ounce per square yard, if in the gum, three dollars per pound; if ungummed, wholly or in part, three dollars and twenty-five cents per pound, * * *

with a further clause that in no case shall any goods enumerated in this paragraph, including such as have india rubber as a component material, be assessed at a less rate of duty than 45 per cent ad valorem. The collector fixed the duty by the specific pound rate provided for

[1] Reported in T. D. 31355 (20 Treas. Dec., 415).

in this section, having ascertained that, as weighed up, including the appliqué, the duty on the imported article under paragraph 399 by the pound rate would be greater than 60 per cent.

On appeal to the Board of General Appraisers the decision of the collector was modified, the board holding that the proviso to paragraph 402 contemplates that the article or fabric imported shall bear no less rate of duty than the material itself would have borne as material stripped of the appliqué had it been so imported.

Counsel for the Government states:

The importer claims that in arriving at the *rate of duty* the weight of the material without the appliqué should be used, thus bringing the classification under that clause of paragraph 399 reading "weighing not more than one-third of one ounce per square yard, four dollars per pound." With this method of obtaining the *rate of duty* we are in accord. But having classified the article and thus obtained the rate of duty, the importer insists that the *amount of duty* should be ascertained by multiplying the rate (\$4.00 per pound) by the weight of the material without the appliquéed metal or paste (i. e., 1.89 pounds). To this latter method of computation we object. We claim that the proper method is to follow the rule laid down in paragraph 404, and multiply the rate of duty (\$4.00 per pound) by the weight of the goods which were actually imported, to wit, 11.397 pounds.

Paragraph 404 thus referred to reads as follows:

In ascertaining the weight of silk under the provisions of this schedule, either in the threads, yarns, or fabrics, the weight shall be taken in the condition in which found in the goods, without deductions therefrom for any dye, coloring matter, or other foreign substance or material. * * *

In the case of Moore & Co. v. United States, *supra*, p. 115 (T. D. 31117), we held that the valuation of an importation should be based upon its condition at the date of its importation, and that a valuation based upon some other or different condition is so at variance with the provisions of the administrative act and the custom and practice as to be permissible only when provided for or indicated in clear language. It will be noted that in the present case both counsel agree that the language of this act makes reference to section 399, and an investigation of what the tariff rate would be under that provision upon the goods in a different condition from that in which it is imported is necessary. We think this construction of this provision is correct, and that by no other means can it be ascertained what would be the rate of duty on these goods had they not been appliquéed.

This leads to the question of what is the meaning of the term employed in the act, "rate of duty." Counsel for the Government lays emphasis upon this phrase, and the contention is made that having ascertained specifically the rate which the material would have paid by the pound if not appliquéed, the only duty of the collector would be to multiply the rate by the number of pounds and ascertain the duty.

We think that such is not the intent of the act. Paragraph 402 fixes all through an ad valorem rate, and when in the proviso Congress

speaks of a rate of duty and provides that such rate of duty shall be not less than that imposed upon the material if not so tamboured, embroidered, or appliquéed, it would be a stretch, as we think, to assume that they were departing in the use of this expression, "rate of duty," from the ad valorem rate as provided in paragraph 402 and transporting bodily the goods and placing them under paragraph 399, which fixes a specific tax dependent not upon value. The only purpose of this proviso is to make certain that the 60 per cent rate fixed by the paragraph shall in no case be a less rate than that imposed upon the material if not so tamboured, embroidered, or appliquéed. Assuming that for the purpose of ascertaining this rate of duty the goods must be treated aud weighed up without the appliqué to ascertain under what part of paragraph 399 they would fall, it would seem that the material thus prepared is that upon which the calculation must be based to ascertain what the rate of duty upon the goods is as fixed by that paragraph. This was the view which was taken by the Board of General Appraisers.

The history of this provision tends to support this view. This proviso to paragraph 402 was incorporated in the tariff act for the first time in 1909. The tariff act of 1897, paragraph 390, levied a duty of 60 per cent ad valorem on silk articles appliquéed. Under this act woven silk fabrics which had been appliquéed in such a manner that the appliqué might be easily removed after importation, the fabric being more valuable without the appliqué, were classified as appliquéed articles and admitted to the commerce of the country at a lower rate of duty than was assessed on the fabric without the appliqué. See United States *v.* Vantine (166 Fed. Rep., 735). As was well said by the board in their decision in this case:

> It is but a logical inference that Congress, while not intending to increase the rate of duty on appliquéed articles, sought, by enacting the proviso to paragraph 402, to meet the court decisions which we have cited, and thus prevent the importation of an appliquéed fabric or article at a less rate of duty than that levied on the fabric or article not so appliquéed.

It is obvious that this purpose of Congress is fully met by ascertaining what would be the rate of duty on the article without the appliqué, but if it is found to be less than the rate fixed by paragraph 402 the revenues have suffered no loss by the article being appliquéed. If the view contended for by counsel for the Government should be adopted, the result would be as indicated by the table following.

| Weight of fabric. | Rate of duty. | Amount of duty. | Ad valorem equivalent per cent. |
|---|---|---|---|
| Weight of fabric appliquéed, over 1 ounce and not more than 1½ ounces per square yard (total weight of 122.30 meters is kilos 5.170, or 11.397 pounds), at.... | $3.10 | $35.33 | 166 |
| Weight of fabric not appliquéed, under one-third of an ounce per square yard (total weight of 122.30 meters, at 7 grams per meter, is 1.89 pounds), at.... | 4.00 | 7.56 | 35 |
| At minimum rate (par. 399).... | 45 p. ct. | 9.58 | 45 |
| Value of 122.30 meters of fabric appliquéed is $21.28, at.... | 60 p. ct. | 12.77 | 60 |

It will be seen therefore that appliquéed goods of the character of those in suit would pay an ad valorem tax of 166 per cent instead of a rate of 60 per cent as provided by the paragraph itself.    To ascribe such a purpose to Congress would be to infer that it was designed to exclude from the commerce of the country goods of this character, for the rate would be practically prohibitive, as we may fairly assume.    But we think it clear that the imposition intended was the ad valorem rate provided in section 402, and that the only purpose of comparison with paragraph 399 was to enable the collector to determine that the tax which would be levied under paragraph 399 does not in its aggregate as imposed upon the material, stripped of the appliqué, exceed the imposition resulting from the rate of 60 per cent ad valorem, which was the rate in the contemplation of Congress and fixed by section 402 as a standard.

The decision of the Board of General Appraisers is *affirmed*.

DE VRIES, Judge, concurs in the result.