QUAINTANCE *v.* UNITED STATES (No. 497).[1]

1. FIGURED COTTON CLOTH APPRAISED AS AN ENTIRETY.

In appraising the value of figured cotton cloth, the threads added to constitute the figure are not to be omitted in the valuation, but these, together with the foundation threads, are to be taken into account in fixing ad valorem rates under paragraphs 305 and 306, tariff act of 1897.

2. SECTION 19, CUSTOMS ADMINISTRATIVE ACT OF 1890.

Section 19, customs administrative act, 1890, providing in effect that imported merchandise subject to an ad valorem duty shall be valued in the condition in which it is imported, requires that the value of the added threads should be computed.

United States Court of Customs Appeals, October 12, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7105 (T. D. 30968).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellant.

*D. Frank Lloyd,* Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

Certain figured cotton cloth containing other than ordinary warp and filling threads was assessed for duty at 25 per cent, 30 per cent, and 35 per cent ad valorem according to its value under the provisions of paragraphs 305 and 306 of the tariff act of July 24, 1897, and in addition 2 cents per square yard under the provisions of paragraph 313 of the same act.

Paragraphs 305 and 306 being typical of each other, one only is inserted here.

306. Cotton cloth, not bleached, dyed, colored, stained, painted, or printed, exceeding one hundred and not exceeding one hundred and fifty threads to the square inch, counting the warp and filling, and not exceeding four square yards to the pound, one and one-half cents per square yard; exceeding four and not exceeding six square yards to the pound, two cents per square yard; exceeding six and not exceeding eight square yards to the pound, two and one-half cents per square yard; exceeding eight square yards to the pound, two and three-fourths cents per square yard; if bleached, and not exceeding four square yards to the pound, two and one-half cents per square

---

[1] Reported in T. D. 31950 (21 Treas. Dec., 390).

yard; exceeding four and not exceeding six square yards to the pound, three cents per square yard; exceeding six and not exceeding eight square yards to the pound, three and one-half cents per square yard; exceeding eight square yards to the pound, three and three-fourths cents per square yard; if dyed, colored, stained, painted, or printed, and not exceeding four square yards to the pound, three and one-half cents per square yard; exceeding four and not exceeding six square yards to the pound, three and three-fourths cents per square yard; exceeding six and not exceeding eight square yards to the pound, four and one-fourth cents per square yard; exceeding eight square yards to the pound, four and one-half cents per square yard: *Provided*, That on all cotton cloth exceeding one hundred and not exceeding one hundred and fifty threads to the square inch, counting the warp and filling, not bleached, dyed, colored, stained, painted, or printed, valued at over nine cents per square yard, thirty per centum ad valorem; bleached, valued at over eleven cents per square yard, thirty-five per centum ad valorem; dyed, colored, stained, painted, or printed, valued at over twelve and one-half cents per square yard, there shall be levied, collected, and paid a duty of thirty-five per centum ad valorem.

The construction thereof also being involved in the determination of this appeal, paragraphs 310 and 313 are inserted.

310. The term cotton cloth, or cloth, wherever used in the paragraphs of this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton in the piece or otherwise, whether figured, fancy, or plain, the warp and filling threads of which can be counted by unraveling or other practicable means.

313. Cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure, whether known as lappets or otherwise, and whether unbleached, bleached, dyed, colored, stained, painted, or printed, shall pay, in addition to the duty herein provided for other cotton cloth of the same description, or condition, weight, and count of threads to the square inch, one cent per square yard if valued at not more than seven cents per square yard, and two cents per square yard if valued at more than seven cents per square yard.

The appellant contends that, in order to determine the value of the cloth in question for the purpose of ascertaining whether or not the value will bring it within the terms of the ad valorem provisos in paragraphs 305 and 306, the collector should take the value only of what is termed the foundation fabric of the cloth, which means the cloth as it would be if it did not contain other than the ordinary warp and filling threads and the figures or designs produced thereby; or, in other words, that for the purpose of ascertaining whether the ad valorem provisos of paragraph 305 or 306 apply to cotton cloth containing other than the ordinary warp and filling threads, the value of the foundation fabric only shall be considered. This contention involves the collateral one that, when the ascertained value of such foundation fabric is less than the minimum value named in the provisos, duty should be taken only at the specific rates named in the body of paragraph 305 or 306 plus the additional duty applicable under paragraph 313, and also that, in the event the value of the foundation fabric carries it into the proviso of either of the paragraphs, the ad valorem rates therein named should be taken only on the value of the foundation fabric and not on the value of the cloth as imported, entered, and appraised.

The contention of the Government is that the foreign market value of the cloth at the time of its importation in its condition as imported is to be the guide in determining whether a specific or an ad valorem rate of duty shall be assessed under paragraphs 305 and 306 and that, if ad valorem, the rate thereof shall be applied to such foreign market value to which specific or ad valorem rates, as the case may be, the applicable extra duty under paragraph 313 shall be added.

The assessment in this case was made by the collector consistent with the Government's claim and his action was sustained by the Board of General Appraisers.

The determination of this question involves an examination of paragraph 313, especially of the words "cotton cloth  *  *  *  shall pay in addition to the duty herein provided for other cotton cloth of the same description or condition, weight, and count of threads to the square inch, 1 cent per yard if valued at not more than 7 cents per square yard, and 2 cents per square yard if valued at more than 7 cents per square yard."

It is manifest, when cotton cloth is subject to the provisions of paragraph 313, as is conceded to be the case here, that other paragraphs must be referred to in order to ascertain the initial duty; that is, "the duty herein provided for other cotton cloth of the same description, or condition, weight, and count of threads to the square inch," in addition to which paragraph 313 imposes a duty of 1 cent per square yard if the cloth is valued at no more than 7 cents per square yard and 2 cents per square yard if valued at more than 7 cents per square yard.

The paragraphs to be referred to for that purpose in this case are paragraphs 305 and 306, which are known as countable paragraphs of the cotton schedule. As the same observations apply to each, paragraph 306 only will be referred to.

The main body of this paragraph shows that the elements for determining specific duty rates thereunder of cotton cloth which would be cotton cloth as defined in paragraph 310 are, count of threads to the square inch, conditions as to bleaching, dyeing, etc., and weight per square yard, while, under the proviso thereto, such cloth of a certain count of warp and filling threads per square inch and valued at certain varying amounts per square yard is made subject to certain ad valorem duties depending upon whether the cloth is or is not bleached or dyed, colored, stained, painted, or printed, as the case may be.

Now, the real question here is whether the collector, when he valued the cotton cloth in this case, had a right to take the value of the cloth just as he found it, in the condition in which it was imported, or whether it was his duty to consider the cloth as consisting of two parts, one part the foundation fabric and the other part the other

than the ordinary warp and filling threads found in or on the foundation fabric, which were concededly introduced to form a figure or design—that is, analyzed still further, should he, for the purposes of ascertaining the value of this cotton cloth, theoretically divide it into two parts, taking the value of only one of them for the purpose of ascertaining the ad valorem duty to which the cloth should be subject, notwithstanding the cloth was made, imported, and designed to be sold as an entirety.

Appellant urges, as one reason why the value only of the foundation fabric should be taken into consideration in determining what rate of duty should apply under paragraph 306, that it has been held, that for the purpose of ascertaining the number of warp and woof threads to the square inch, such threads in the foundation fabric only must be counted, and we are cited to Hedden v. Robertson (151 U. S., 520) upon this point.

An examination of the opinion in that case discloses that the importation was cotton cloth, the groundwork of which was uniform and upon which were figures or patterns woven contemporaneously with the weaving of the fabric. Apparently it resembles the importations in this case. The importer there contended that the cotton cloth was dutiable as a manufacture of cotton and not as cotton cloth. The Supreme Court held that the merchandise was dutiable as cotton cloth under the appropriate countable paragraph of the cotton schedule, saying in effect that, the warp and woof threads of such groundwork being countable, the goods were dutiable as cotton cloth by the express language of the statute. In other words, it decided that the extraordinary threads which made the superimposed figures or patterns upon the cloth should not be counted in determining the number of warp and filling threads to the square inch.

It is further urged that in United States v. Rusch (167 Fed. Rep., 523), it was held by the Circuit Court of Appeals that upon the question of condition of cotton cloth, that is, as to whether colored or not, only the warp and woof threads of the foundation fabric should be considered. In that case the warp and woof threads of the foundation fabric were uncolored, but other than ordinary warp and woof threads had been used to embellish the cloth, of such a color and to such an extent that in some instances the finished fabric appeared to the eye to be colored, with white ornamentations.

The court held that in determining whether the cloth was unbleached, bleached, colored, stained, painted, or printed, regard only should be had to the foundation fabric. It was conceded and held that if any threads of the warp and filling of the foundation fabric were colored the classification would thereby be changed.

The Supreme Court denied a petition for a writ of certiorari in this case. United States v. Rusch (214 U. S., 525).

It is claimed that inasmuch as these cases settle the law that for count of threads and for determination of color of cotton cloth which is subject to paragraph 306 and also to the additional duty provided in paragraph 313, reference can only be had to the foundation fabric, it logically follows that in order to ascertain the *value* of such cotton cloth resort should also be had only to such foundation fabric.

This leads to a consideration of what Congress intended by the enactment of paragraph 313, which first appears in the tariff act of 1897. It was manifestly intended to subject to an additional duty the cloth therein described, which was new to the trade and was the result of the use of improved mechanical appliances in its production. It was apparently thought that the countable paragraphs did not impose a sufficient rate of duty thereon, and so the additional rate of 1 or 2 cents per square yard, as the case might be, was provided for.

The evident intent of Congress in dealing with the subject of cotton cloth is to increase the amount of the tax thereon as the cloth becomes more expensive, and paragraph 313 was plainly enacted to further that intent. This can best be accomplished by making the value of the cotton cloth one of the factors to determine the assessment of duty.

And now comes the crux of the case—shall it be the value of the foundation fabric or of the finished cloth. The importer says the former because two factors, namely, count of threads and condition of color, are to be determined in that manner. If by so doing the manifest purpose of paragraph 313 can be carried out, it would seem to be the proper course to pursue. We proceed to test his claim in that regard. Assume a certain foundation fabric, a plain cloth, exceeding 100 and not exceeding 150 threads to the square inch, the warp and filling threads of which are not bleached, dyed, colored, stained, painted, or printed, is valued at 10 cents per square yard under paragraph 306. It is then subject to a duty under that paragraph of 30 per cent ad valorem. Suppose the same foundation fabric be so manufactured that under paragraph 313 it is worth in its various conditions, one product 12 cents, another 14 cents, another 16 cents, another 18 cents, and another 20 cents per square yard. Applying the rule the importer contends for, we have the following results: The plain cloth pays a duty of 3 cents per square yard; when ornamented so as to be worth 12 cents per square yard, applying paragraph 313, it pays a duty of 5 cents per square yard, and this duty is not increased, although the ornamented fabric be worth 20 cents per square yard. If the value of the cotton cloth and not the foundation fabric be taken as the factor, the results would be as follows: Plain cloth, 3 cents per square yard; figured cloth, valued at 12 cents per square yard, 5.6 cents duty per square yard; valued at 14 cents, duty 6.2 cents; valued at 16 cents, duty 6.8

cents; valued at 18 cents, duty 7.4 cents; valued at 20 cents, duty 8 cents. In other words, a rate of duty increasing as the value of the cotton cloth itself increases by the common difference of 30 per cent of the difference in value.

Other illustrations readily suggest themselves applicable to the various features of the case, any of which we think demonstrates that the rule for which the importer contends defeats the very purpose of the paragraph. The reason is that the value which he contends should be the factor is in each given case constant and does not vary as the value of the cotton cloth itself varies.

The case of the United States v. Riggs (203 U. S., 136) is cited by the Government as conclusive of the case in its favor. We think it can hardly be said to be so, as the question involved was whether the additional duty imposed under paragraph 313 could be added to the ad valorem tax imposed under paragraph 306 or whether it should be restricted to the specific tax imposed thereby. The court held it should be added to either, as the case might require.

An examination of the decision of the board and of all the cases through which that case passed in reaching the Supreme Court, including the opinion there, suggests that the value upon which the duty was assessed was that of the figured cotton cloth as imported and not of the foundation fabric, but this, however, is not entirely clear. The court did, however, clearly hold that the object of paragraph 313 was to aid in the general scheme of the tariff act of raising the amount of tax as the cloth becomes more expensive, and that the paragraph was "intended to hit all cotton cloth and all values and is intended to be added to a tax already imposed."

Section 19 of the customs administrative act of June 10, 1890, provides in effect that imported merchandise subject to an ad valorem rate of duty shall be valued in the condition in which it is imported, and so far as applicable here seems to require the conclusion which we reach.

Under the countable paragraphs, it is the duty of the collector to value the cotton cloth in question. He may count the threads of the foundation fabric for the purpose of ascertaining under which paragraph the importation falls in that regard; he may apply the other tests prescribed in the countable paragraph in order to determine its classification thereunder and the consequent rate of duty; but when he undertakes to ascertain and determine the value, we think it is clear that but one course is left open to him—that is, to find its value in the condition in which it is imported as an entirety.

As applicable to importations of other merchandise, this is but a reiteration of what this court has already held. Moore v. United States (1 Ct. Cust. Appls., 115; T. D. 31117); United States v. Vietor (1 Ct. Cust. Appls., 297; T. D. 31355).

Only in this way can the purpose of Congress be carried out and a tax imposed on cotton cloth that will increase as the cloth itself becomes more expensive.

The decision of the board is *affirmed.*