C. H. Powell Co., Inc. (Douredoure Bros.) *v.* United States (No. 4325)[1]

[1] C. A. D. 160.

United States Court of Customs and Patent Appeals, February 24, 1941

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for appellant.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney, of counsel), for the United States.

[Oral argument December 10, 1940, by Mr. Allerton deC. Tompkins and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, in reappraisement 127532–A.

Certain metal (iron) drums, filled with olive oil, were exported from Greece and imported into the United States at the port of New York. They were invoiced as new drums at 300 drachmas ($2.76) each, the price paid by the importer, and were originally entered for consumption by the importer at the invoiced value. Subsequently, by an amended entry, they were entered at 160 drachmas ($1.47) each, as second-hand, uncleaned olive oil drums. They were appraised by the local appraiser at 300 drachmas each, which, it was held, was their foreign value.

The importer appealed for reappraisement.

On the trial before the trial court, counsel for the importers conceded that the drums were dutiable apart from their contents at 25 per centum ad valorem by virtue of the provisions of paragraph 328 of the Tariff Act of 1930; that they were purchased new in Greece at 300 drachmas each; and that if they are dutiable as new drums the appraised value is correct.

No contention is made here by counsel for either of the parties that the involved drums are dutiable at other than their foreign value.

Foreign value is defined in section 402 of the Tariff Act of 1930 as follows:

SEC. 402.  VALUE.

(a) BASIS.—For the purposes of this Act the value of imported merchandise shall be—

\*         \*         \*         \*         \*         \*         \*

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The pertinent part of paragraph 328, *supra,* reads:

PAR. 328.  \* \* \*  cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty;  \* \* \*  25 per centum ad valorem  \* \* \* .

Considerable evidence was introduced by the parties.  It appears therefrom that at the time the involved drums were purchased by the importer they were new and filled with olive oil; that the importer paid 300 drachmas each for the drums, apart from their contents; that, at the time of their importation into the United States, some of the drums were rusted (for which no allowance may be made, paragraph 398 of the Tariff Act of 1930) and some were dented, to what extent does not appear from the record; that there was oil on the tops and sides of their exteriors; and that they bore shipping numbers and were marked to indicate not only the country of their origin but also the brand and country of origin of the olive oil contained in them.

The trial court and the appellate division of the Customs Court found from the evidence, and there is substantial evidence of record to support their findings, that the foreign values of *unfilled* metal olive oil drums of the type here involved were as follows: New, 300 drachmas each; once-used (second-hand), *cleaned,* 180 drachmas each; once-used (second-hand), *uncleaned,* 160 drachmas each, and that the only difference between a *cleaned,* once-used (second-hand) drum and an *uncleaned,* once-used (second-hand) drum is that the former has been washed or otherwise cleaned to remove any oil which might have remained in the drum after it had been once used.

The trial court held that the involved drums were new at the time of their purchase by the importer; that, although they were shipped to, and imported into, the United States filled with olive oil, their char-

àcter as new drums was not changed; and that their dutiable value was the foreign value of new drums—300 drachmas each.

The appellate division of the Customs Court, in an opinion by Keefe, Judge, Evans, Judge, concurring only in the conclusion reached, affirmed the decision of the trial court and held that the provisions of paragraph 328, *supra*, subsection (c) of section 402, *supra*, which defines foreign value, and subsection (d) of that section, which defines export value, should be considered together; that, when so considered, it appeared that the Congress intended that "*Drums imported empty as merchandise*" should be "dutiable upon the basis of the foreign or export value thereof at the time of shipment, while *drums imported as containers*" should be "dutiable upon the *basis of their cost*"; that as the involved drums are "containers of merchandise of the ordinary and usual character, the duty assessed upon the same is measured by their actual cost irrespective of any advance in the foreign or export value thereof before the time of shipment from the foreign country"; and that as the cost of the drums in question was 300 drachmas each, their appraised value is their dutiable value. [Italics ours.] Judge Evans was of opinion, as is this court, that the involved drums were separately dutiable at 25 per centum ad valorem, not at 25 per centum of their cost.

Included in foreign and export values of imported merchandise, as defined in subsections (c) and (d), respectively, of section 402, *supra*, is the "cost," not the value, "of all containers and coverings of whatever nature." *United States* v. *F. W. Woolworth Co.*, 26 C. C. P. A. (Customs) 33, 40, T. D. 49576, and cases therein cited. Such containers, unless otherwise specially provided for, are not dutiable apart from their contents. Unusual containers "designed for use otherwise than in the bona fide transportation" of imported merchandise contained therein are, however, dutiable at the rate or rates to which they would be subjected if separately imported. Section 504 of the Tariff Act of 1930. Containers of the type here involved, *whether filled or unfilled*, are made dutiable by the provisions of paragraph 328, *supra*, at 25 per centum ad valorem. They are not separately dutiable at 25 per centum of their cost. See *Balfour, Guthrie & Co., Ltd.* v. *United States*, 27 C. C. P. A. (Customs) 17, C. A. D. 55.

It is contended here by counsel for appellant that the involved drums should have been appraised in accordance with their imported condition, and, in support of that contention, counsel rely upon the following cases: *Marriott* v. *Brune et al.*, 50 U. S. 619; *American Sugar Refining Co.* v. *United States*, 181 U. S. 610; *Lawder* v. *Stone*, 187 U. S. 281; *Moore* v. *United States*, 1 Ct. Cust. Appls. 115, T. D. 31117; *Quaintance* v. *United States*, 2 Ct. Cust. Appls. 215, T. D. 31950; *Reiss* v. *Magone*, 39 Fed. 105. It is further contended by counsel that, as imported, the involved drums were not only filled with olive

oil but had been used as containers in the transportation of *such oil* from Greece to the United States, and that, although they were new when they were filled with olive oil in Greece, they were not, in view of their hereinbefore-stated condition, new drums for appraisement purposes at the time of their importation, but, on the contrary, were used (second-hand), uncleaned drums, the foreign value of which was 160 drachmas each.

It clearly appears from the record, and it is conceded by counsel for appellant, that, at the time of their importation, the involved drums were being used for the first time as containers of olive oil. They were not, therefore, unfilled, once-used (second-hand), uncleaned metal drums, nor did they become such until the olive oil was removed therefrom sometime subsequent to their importation.

Assuming, for the purpose of this decision, that the involved drums are dutiable in accordance with their condition as imported and that, at the time of their importation, they were less valuable than new, unfilled metal olive oil drums, as claimed by counsel for appellant; nevertheless, there is no evidence of record as to the market value or price at which new metal drums filled with olive oil, being used for the first time as containers in the transportation of such oil and in the condition of those here involved at the time of their importation into the United States, were freely offered for sale or sold in the principal markets of Greece. Accordingly, the presumed correctness of the value—300 drachmas each—found by the appraiser to be the foreign and dutiable value of the involved drums has not been overcome by the evidence of record.

For the reasons stated, the judgment of the appellate division of the United States Customs Court is *affirmed*.