UNITED STATES *v.* WERTHEIMER BROS. *et al.* (No. 696).[1]

MOUSSELINES—WOVEN FABRICS OF SILK—MANUFACTURES OF SILK.

The goods had been for many years well known as articles of commerce and their proper classification had been fixed by judicial construction. It must be presumed that this construction was adopted when the clause in question was brought forward into the new act from the old act, furnishing thus a clear expression of legislative will. The merchandise is dutiable not as woven fabrics in the piece, but as manufactures of silk, under paragraph 403, tariff act of 1909.—Robinson *v.* United States (121 Fed. Rep., 204).

United States Court of Customs Appeals, February 1, 1912.

APPEAL from Board of United States General Appraisers, Abstract 25928 (T. D. 31720).

[Affirmed.]

*Wm. L. Wemple*, Assistant Attorney General (*Thos. J. Doherty* on the brief), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was imported under the tariff act of 1909. It consists of light-texture woven articles composed of silk, 4, 6, and 10 inches in width, and variously known in

[1] Reported in T. D. 32249 (22 Treas. Dec., 234).

trade as chiffon bands or ribbons, or as gauze bands or ribbons, or as mousselines. They are used as ribbons in tying floral designs and for other like decorative purposes.

The importation was classified by the collector as "woven fabrics in the piece" composed of silk, within the terms of paragraph 399 of the act, and were assessed with appropriate duties thereunder according to their weight, color, condition, and other specifications.

The importers filed their protest against this classification and assessment, contending chiefly that the goods were not "woven fabrics in the piece," but were properly "manufactures of silk" within the terms of paragraph 403, and should be assessed accordingly.

The protest was duly heard by the Board of General Appraisers and was sustained, the board holding the goods to be "manufactures of silk," as claimed by the importers. The Government now prays for a reversal of that decision.

It is clear that the goods may properly be called manufactures of silk, and they should be so classified, unless they are also woven fabrics in the piece, composed of silk. If they fall within both descriptions, the latter should prevail, because it is the more specific of the two.

In the case reported as T. D. 21115, May, 1899, such goods as these, imported under the act of 1897, became a subject of litigation. The importation was classified and assessed by the collector as "silk trimmings," within the terms of paragraph 390 of that act. The importers protested, claiming the goods to be either "woven fabrics in the piece" under paragraph 387 or "manufactures of silk" under paragraph 391. The Government contended for the classification made by the collector, and the board held with it and overruled the importers' protest. By this ruling, under the act of 1897, goods essentially similar to the present importation were held by the board, in accordance with the Government's claim, to be "trimmings," and not "woven fabrics in the piece" or "manufactures of silk," as alternatively maintained by the importers.

The following is a copy of that section of the board's syllabus which is relevant to this case:

(1) Woven goods composed of silk, some weighing over one-third of an ounce and none more than 1⅓ ounces per square yard, from 4 to 6 inches wide, with selvages or borders covering a space from one-fourth of an inch to 1 inch in width, others having narrow stripes at intervals throughout, which are used directly in these widths for trimming women's hats, bonnets, and other wearing apparel, and are generally known as "chiffon," "muslin bands," or as "gauze bands," or as "gauze ribbons," are dutiable under the provision for "trimmings" in paragraph 390, act of July 24, 1897.

The following part also of the decision in question relates specially to the issue in hand:

Paragraph 387 of the act provides for "woven fabrics in the piece." The term "fabrics" has been held to be applicable particularly to wide or "piece" goods, which are generally intended for use in making wearing apparel and other articles (and have,

therefore, to be cut into various smaller forms requisite for that purpose), as contra-distinguished from ribbons, bands, and narrow articles, which are put to their final uses in the widths in which they are made. Velvet and plush ribbons were held not to be pile fabrics, Jaffray *v.* United States (71 Fed. Rep., 953; 77 Fed. Rep., 868), and the Congress has recognized the distinction between these and wider goods by making special provision for them in paragraph 386 of the act. Cotton ribbons, web-bings, and similar narrow articles are likewise distinguished in paragraph 320 from cotton cloth—or piece goods or fabrics—in the same schedule. See Arnold *v.* United States (147 U. S., 494), *In re* Kursheedt Mfg. Co. (54 Fed. Rep., 159, and G. A. 4120).

The importers appealed the foregoing decision of the board to the Circuit Court, Southern District of New York, where the decision was reversed. The court by this reversal directly overruled the contention that the goods were "trimmings," as classified by the collector and approved by the board, and also inferentially overruled the importers' contention that the goods were "woven fabrics in the piece," and sustained the alternative allegation of the importers that the goods properly came within paragraph 391 as "manufac-tures of silk."

The following is a copy of the syllabus of the circuit court's decision:

1. CUSTOMS DUTIES—TRIMMINGS.

Goods woven wholly from silk from 4 to 12 inches wide, and used directly in these widths for trimming women's hats, etc., are not assessable as trimmings, under para-graph 390 of the act of July 24, 1897 (30 Stat., 187: U. S. Comp. St. 1901, p. 1670), not being trimmings until made into designs to be applied as trimmings, or into trim-mings as they are applied to articles being trimmed, but are assessable as manufactures of silk, under paragraph 391.

Robinson *v.* United States (121 Fed. Rep., 204; Feb., 1903).

This decision continued to control the classification and assessment of such goods as the present importation, so long as the act of 1897 remained in force. According to it such goods were not "trimmings" nor "woven fabrics in the piece," but were "manufactures of silk." See also Gartner *v.* United States (131 Fed. Rep., 574).

As has been stated, the merchandise now before the court was imported under the act of 1909. The collector classified it as "woven fabrics in the piece," under paragraph 399 of that act, and assessed duties appropriate to the specifications therein contained. The importers protested, claiming the goods to be "manufactures of silk," which was the classification such goods had received by author-ity of the foregoing decision under the preceding act; and the board in conformity with that decision sustained the protest. The Govern-ment now appeals from the board's decision, contending that the goods are nevertheless "woven fabrics in the piece." The Govern-ment admits the authority of the cited decision under the act of 1897, but maintains that the present act differs materially from the former one in respect to such merchandise, and that the decisions interpreting the former act do not therefore control the present construction. Upon the merits of the question as an original proposition, the Gov-

ernment contends that the goods are in fact "woven fabrics in the piece," and should be so classified. In event this classification is overruled it is contended that the merchandise should be classified as articles made wholly or partly of chiffon and assessed under paragraph 402 of the act.

The Government undertakes in its brief to specify the changes in the terms of the present act as compared with the preceding one, which demand a revised classification of these goods, but the alterations in the relevant provisions do not seem to require or even to justify such a change of construction. The classification in the former act which was the subject of interpretation was "woven fabrics in the piece." The decisions above cited were interpretations of that description so far as the present question is concerned, and the cardinal terms of that description appear unchanged in the present act.

It is well also to recall that such goods were all the time well-known articles of commerce and that their classification had been distinctly fixed by the reported decision of the circuit court in the above-cited case. It may properly be assumed, therefore, that if Congress had designed to change that classification its purpose would hardly have been entrusted to mere remote analogies. The only additional classification contained in the act of 1909 which touches distinctly upon this subject is paragraph 401, which provides for ribbons and bandings not exceeding 12 inches in width; but that paragraph is modified by the provision that it shall contain only such ribbons and bandings as have fast edges. The articles in question do not come within that description, for, as the reported cases seem to show, they have a "cut edge" and not the fast edge covered by paragraph 401. Without this limitation that paragraph would have included these goods; it is therefore somewhat difficult to understand the omission from the act of an equally specific provision for bands of this character. However, that omission is not necessarily inconsistent with the theory that such goods were simply left to their former classification as adjudged by the courts. The subject was obviously within the legislative attention. This may be stated not only because of the preceding decisions and the references to them in Notes on Tariff Revision, but also because in framing paragraph 401 terms were used which would have included these goods except for the specific limitation thereafter added to the paragraph. In the absence of any clear provision to the contrary, this is sufficient authority for the conclusion that no change in classification for these articles was intended by Congress, and that the classification adjudged by the circuit court should continue in force. In general, it must be conceded that a settled rule of construction, according to which such well-known importations as these have been

for years classified, becomes adopted by the trade as a basis for commercial transactions, and should not be altered unless in conformity with a clear expression of the legislative will.

These conclusions apply likewise to the argument of appellant upon the general merits of the subject. The term "woven fabrics in the piece" does not seem properly to apply to strips of goods as narrow as those in question. This was held to be the rule by the decisions above cited, and this rule seems also to have survived in the act of 1909.

In answer to the question made relative to paragraph 402, providing for articles made of chiffon, the answer given by the board in its decision that these articles are chiffon and are not articles made thereof, seems to be correct.

The decision of the board is therefore *affirmed*.