## STEIN & Co. *v.* UNITED STATES (No. 714).[1]

GOODS COMPOSED IN PART OF LEVER OR GOTHROUGH LACES.

The merchandise is composed in chief value of one or more of the materials or goods specified in paragraph 349, tariff act of 1909, and relating to laces and handkerchiefs. By the terms of the first proviso of that paragraph, such articles are made dutiable at a rate not less than the highest imposed by the first section of the act on any of the materials entering into their composition. Conformably to this proviso, the rate of duty is determined by paragraph 350, tariff act of 1909, at 70 per cent ad valorem.

United States Court of Customs Appeals, February 1, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7232 (T. D. 31672).

[Affirmed.]

*Walden & Webster (Henry J. Webster* of counsel) for appellants.

*Wm. L. Wemple,* Assistant Attorney General *(Wm. K. Payne,* Deputy Assistant Attorney General, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

An importation of merchandise was classified by the collector of customs at the port of New York as cotton handkerchiefs composed in chief value of Lever lace, and accordingly the goods were assessed for duty at 70 per cent ad valorem under paragraph 350 of the tariff act of 1909, which paragraph reads as follows:

350. Laces, embroideries, edgings, insertings, galloons, flouncings, nets, nettings, trimmings, and veils, composed of cotton, silk, artificial silk, or other material (except wool), made on the Lever or Gothrough machine, seventy per centum ad valorem: *Provided,* That no wearing apparel, handkerchiefs, or articles of any description, composed wholly or in chief value of any of the foregoing, shall pay a less rate of duty than that imposed upon the articles or the materials of which the same are composed.

---

1 Reported in T. D. 32250 (22 Treas. Dec., 238).

The importers protested against the classification of the collector and the duties imposed, and among other grounds of objection thereto the claim was set up that the merchandise was dutiable at 60 per cent ad valorem under the provisions of paragraph 349, which paragraph, in so far as it is material to this case, is as follows:

349. Laces,  *  *  *  handkerchiefs,  *  *  *  and all other articles made wholly or in part of lace or laces,  *  *  *  wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a plain or fancy letter, initial, or monogram, or otherwise,  *  *  *  all of the foregoing, composed wholly or in chief value of cotton, flax, or other vegetable fiber, *  *  *  and not elsewhere specially provided for in this section, sixty per centum ad valorem: *Provided,* That no article composed wholly or in chief value of one or more of the materials or goods specified in this paragraph, shall pay a less rate of duty than the highest rate imposed by this section upon any of the materials or goods of which the same is composed.  *  *  *

The Board of General Appraisers overruled the protest and the importers appealed.

The uncontroverted evidence produced on the hearing shows that three kinds of handkerchiefs are included in the consignment. The first class comprises those in which the foundation material is a cotton embroidered linen handkerchief, to which has been added a cotton lace edging and cotton lace insertions made on the Lever or Gothrough machine. In this class the uncontradicted and unimpeached testimony of one of the importers definitely establishes that the value of the embroidered handkerchief exceeds the combined values of the lace edging and the lace insertions added thereto in order to constitute the finished article. In the second class the completed handkerchief is composed of an unembroidered linen fabric which has been amplified and ornamented by the addition thereto of a cotton lace edging made on the Lever or Gothrough machine and a cotton lace insertion made on the Gratley machine. Here the Gratley insertion is the constituent of chief value, and the value of the unembroidered linen center is admittedly less than that of either of the other components. The third class embraces goods made up of a linen fabric, not embroidered, a cotton lace edging and a cotton lace insertion made on the Lever or Gothrough machine, and a cotton lace insertion made on the Gratley machine. In this grade of handkerchief the value of the Gratley insertion is less than the combined values of the Lever lace edging and the Lever lace insertion, but is greater than the value of any other single component. No appeal was taken by the importers from the board's decision in so far as it affected merchandise of the third class, and therefore the classification of handkerchiefs of that particular type need not further engage the attention of the court.

On this state of facts the appellants take the position that the goods covered by the first two classes are not dutiable under para-

graph 350 at 70 per cent ad valorem as handkerchiefs composed in chief value of lace made on the Lever or Gothrough machine, but under paragraph 349 at 60 per cent ad valorem as linen handkerchiefs composed in part of lace.

As the handkerchiefs put in controversy by this appeal are not composed wholly or in chief value of lace made on the Lever or Gothrough machine, they do not come within the provisions of paragraph 350 and are not subject to the rate therein prescribed unless there be some other provision of law which makes that rate applicable to the importation. The question in the case is, therefore, reduced to this: Is there any statutory mandate which imposes a duty of 70 per cent ad valorem on goods composed in part, although not in chief value, of Lever or Gothrough laces? Counsel for the importers claim, in effect, that there is not, and their claim in that particular would be unanswerable if paragraph 339 of the tariff act of 1897 had been reenacted in the tariff act of 1909. Unfortunately for the importers, however, paragraph 339 was not reenacted, but was substantially amended in many particulars by paragraph 349, and especially by the incorporation of an additional proviso which we think subjects the goods under consideration to the rate of duty imposed by the collector. This proviso, with the parts of paragraph 349 made pertinent by the issue here presented, is as follows:

349. Laces, * * * handkerchiefs, * * * embroidered in any manner; * * * all of the foregoing, composed wholly or in chief value of cotton, flax, or other vegetable fiber, * * * sixty per centum ad valorem: *Provided, That no article composed wholly or in chief value of one or more of the materials or goods specified in this paragraph, shall pay a less rate of duty than the highest rate imposed by this section upon any of the materials or goods of which the same is composed.*

As already stated, the handkerchiefs are composed in chief value either of cotton embroidered linen handkerchiefs or of Gratley lace insertion. All the handkerchiefs are, therefore, articles composed in chief value of one or more of the materials or goods specified in paragraph 349, and under the express terms of the first proviso thereof such articles are required to pay a rate of duty not less than the highest rate imposed by the first section of the act on any of the materials or goods of which the merchandise is composed. Paragraph 350 of the first section of the act of 1909 imposes a duty of 70 per cent ad valorem on laces made on the Lever or Gothrough machine, which is a higher rate than that carried by cotton embroidered linen handkerchiefs or by cotton laces made on the Gratley machine, and the highest rate imposed upon any of the component materials. From all of which it follows that the goods are dutiable at 70 per cent ad valorem under and by virtue of the first proviso of paragraph 349 of the tariff act of 1909.

The decision of the Board of General Appraisers is therefore *affirmed.*