UNITED STATES v. CEASAR & Co. *et al.* (No. 695).[1]

CHIFFON BANDS.

Light-weight woven silk fabrics, 6, 8, and 10 inches, respectively, in width and generally known as "chiffon," "gauze," or "mousseline bands," are not articles made of chiffon, but are the material, chiffon, from which something can be made. The fabrics are dutiable as manufactures of silk under paragraph 403, tariff act of 1909.—Wertheimer v. United States (2 Ct. Cust. Appls., 515; T. D. 32249).

## United States Court of Customs Appeals, May 8, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7217 (T. D. 31565).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

This appeal involves the classification and consequent rate of duty upon what both parties agree are light-weight woven silk fabrics, 6, 8, and 10 inches, respectively, in width, and generally known as "chiffon bands," "gauze bands," or "mousseline bands." The principal use of the merchandise is in tying floral pieces or designs and for decorating purposes. They were woven in wide widths, with extra threads introduced at appropriate distances from each other, at which points the original fabric was cut before importation, resulting in the bands in this case. These extra threads are for the purpose of forming a selvage upon the bands after they have been cut apart. The length of these bands as imported is not shown, but for the purposes of this decision we assume it to be substantially identical with that of the original web from which they have been cut, and, the contrary not appearing, we also assume the bands have been subjected to no manipulation or treatment since being cut from the web, other than what is incident to transportation. They were assessed at the appropriate specific-duty rate based upon the weight per yard provided in paragraph 399 of the tariff act of August 5, 1909, for woven fabrics in the piece further advanced by any process of manufacture.

The importers protested the assessment, claiming among other things that the merchandise was dutiable at 50 per cent ad valorem under paragraph 403 of the same act, the material part of which is as follows:

403. All manufactures of silk, or of which silk is the component material of chief value, including such as have india rubber as a component material, not specially provided for in this section, fifty per centum ad valorem: * * *

---

[1] Reported in T. D. 32533 (22 Treas. Dec., 851).

The Board of General Appraisers found the importation to be duti-able under said paragraph 403, and therefore sustained the protest.

The Government brings this appeal, alleging that these chiffon bands, although under the case of United States *v.* Wertheimer Bros. (2 Ct. Cust. Appls., 515; T. D. 32249), recently decided by this court, not dutiable as assessed, are nevertheless properly dutiable under paragraph 402, which is one of the paragraphs involved by importers' protest, at the rate of 60 per cent ad valorem.

We insert here the material portion of paragraph 402:

402. Laces, edgings, insertings, galloons, flouncings, neck rufflings, ruchings, braids, fringes, trimmings, ornaments, nets or nettings, veils or veilings, and articles made wholly or in part of any of the foregoing, or of chiffons, embroideries and articles embroidered by hand or machinery, or tamboured or appliquéed, clothing ready made, and articles of wearing apparel of every description, including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all of the foregoing composed of silk, or of silk and metal, or of which silk is the component material of chief value, whether in part of India rubber or otherwise and braid composed in part of India rubber, not specially provided for in this section, and silk goods ornamented with beads or spangles, sixty per centum ad valorem: *Provided,* That articles composed wholly or in chief value of any of the materials or goods dutiable under this paragraph shall pay not less than the rate of duty imposed upon such materials or goods by this section: * * *

It is agreed that the issues originally raised by the Government's appeal here are identical with those involved in the Wertheimer case which was decided adversely to the Government. But it is urged that, in disposing of that case, we did not give full consideration to the claim hereinafter decided, and so this case has been brought on for hearing pending a motion for rehearing in that case which is based wholly on the contentions now urged here.

It is claimed by the Government that these chiffon bands or strips are articles made of chiffon and that paragraph 402, in view of the proviso thereto, covers the same.

It will be observed that the main body of the paragraph refers among other things to articles made wholly or in part of chiffons. It provides that all the foregoing of which silk is a component material, either wholly or of chief value, shall, unless otherwise specially pro-vided for, be dutiable at 60 per cent ad valorem; while the proviso declares that articles composed who or in chief value of any of the materials or goods dutiable under the *paragraph* shall pay duty at not less than the rate imposed thereon by the *section.*

Now, we do not think, in view of the record and the finding of the board, that these strips of chiffon are articles *made of chiffon* within the meaning of the paragraph. They are chiffon, the material, from which something may be made, but the process of making has not yet been applied. If they had been transversely cut into appropriate lengths for specified uses, or had been given shape and form other

than as appears in this case, a different question would be presented, but they have not been so treated. This view excludes them from the provisions in the main part of the paragraph.

Neither does the proviso affect their dutiable status. It may be conceded that its application is not altogether certain, but in view of the effect which we have given to a somewhat similar proviso (see United States v. Ewing & Clancey, 3 Ct. Cust. Appls., 333; T. D. 32624) we are most inclined to think that Congress thereby intended that if an article named in paragraph 402 was composed wholly or in chief value of goods or materials that under some other paragraph took a higher rate of duty, such article should pay that higher rate instead of the rate of 60 per cent ad valorem under paragraph 402.

. The use of the word "section" in the proviso in contrast with the word "paragraph" seems consistent with this interpretation, and in addition to this, if such had not been the intent the enactment of the proviso was unnecessary, as the sweeping language of the paragraph before the proviso seems adequate to secure the assessment of the 60 per cent ad valorem rate on all articles thereinbefore described.

No inconsistent results are suggested which would follow the interpretation we reach, and it seems to be sound.

The result is that the judgment of the Board of General Appraisers is *affirmed*.