UNITED STATES *v.* MASON BROS. & CO. (No. 726).[1]

ARTICLES COMPOSED OF TISSUE PAPER.

The proviso to paragraph 410, tariff act of 1909, covers all articles composed of tissue paper, and by providing that such articles shall pay no less rate of duty than that imposed upon the component paper of chief value of which any such article is made, the classification of tissue-paper fans was fixed as proper under that paragraph.—Downing *v.* United States (141 Fed. Rep. 490; T. D. 26454) distinguished.

United States Court of Customs Appeals, October 12, 1911.

APPEAL from Board of United States General Appraisers, Abstract 26241 (T. D. 31804).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.

No appearance for appellees.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise entered consisted of fans made of tissue paper, and was assessed for duty under paragraph 410 of the tariff act of 1909 as articles composed wholly or in chief value of paper.

Relevant portions of paragraph 410 read as follows:

Papers commonly known as * * * tissue paper, * * * five cents per pound and fifteen per centum ad valorem * * *: *Provided*, That no article composed wholly or in chief value of one or more of the papers specified in this paragraph shall pay a less rate of duty than that imposed upon the component paper of chief value of which such article is made.

The importer contended and the Board of General Appraisers held that the fans in question were dutiable as manufactures of paper not specially provided for.   This holding was based upon the decision of the court in Downing *v.* United States (141 Fed. Rep., 490; T. D. 26454).

---

1 Reported in T. D. 31957 (21 Treas. Dec., 411).

An examination of the act of 1897, which was construed in Downing *v.* United States, discloses that while tissue paper was made dutiable by paragraph 397, there was no provision covering articles composed of tissue paper. That case is therefore no authority to sustain the holding of the board in the present case.

This distinction was evidently overlooked, as it seems perfectly clear that the proviso in question covers all articles composed of tissue paper, and in providing that such articles shall pay no less rate of duty than that imposed upon the component paper of chief value of which such article is made, the language of the act itself fixes the classification for the present importation.

The decision of the Board of General Appraisers is reversed, and the assessment is *affirmed.*