UNITED STATES *v.* McCOY Co. *et al.* (No. 1145). McCOY Co. *et al. v.* UNITED STATES (No. 1146). UNITED STATES *v.* NEUMEYER & DIMOND (No. 1147). NEUMEYER & DIMOND *v.* UNITED STATES (No. 1148).[1]

1. CONSTRUCTION.

    Courts will be alert to give effect to all of the provisions of a statute, but the case must be a very clear one, if it ever arises, in which a court will strike out words plainly limiting the operation of a clause that would be operative but for those words.

2. WOVEN BRONZE WIRE CLOTH—RATE.

    The first proviso to paragraph 135, tariff act of 1909, does not establish 35 per cent as a primary rate, but does establish it as a minimum rate.—Schloss *v* United States (3 Ct. Cust. Appls., 459; T. D. 33038).

3. IBID.

    The second proviso requires that articles manufactured wholly or in chief value of any wires the duty upon which is fixed by the paragraph should pay the additional rate of 1 cent per pound; but it was not designed to increase the rate upon manufactured articles falling under other paragraphs of the act.

## United States Court of Customs Appeals, October 24, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31676 (T. D. 33280); Abstract 31816 (T. D. 33304).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

*Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

    Cross appeals are presented in the two above-entitled cases. The same issues are involved, and the cases were submitted as one case.

    The merchandise consists of woven-wire cloth made of brass or bronze wire, used in paper machines, 9 to 14 feet in width, in length varying up to 50 feet. Duty was assessed thereon at the rate of 45 per cent ad valorem under the general unprovided-for manufactured metal articles provision, paragraph 199, tariff act of August 5, 1909, and in addition thereto 1 cent per pound under paragraph 135 of said act. Paragraph 135 provides:

    135. Round iron or steel wire, not smaller than number thirteen wire gauge, one cent per pound; smaller than number thirteen and not smaller than number sixteen wire gauge, one and one-fourth cents per pound; smaller than number sixteen wire gauge, one and three-fourths cents per pound: *Provided,* That all the foregoing shall pay duty at not less than thirty-five per centum ad valorem; all wire composed of iron, steel, or other metal except gold or silver, covered with cotton, silk, or other material, corset clasps, corset steels, dress steels, and all flat wires, and steel in strips, not thicker than number fifteen wire gauge and not exceeding five inches in width, whether in long or short lengths, in coils or otherwise, and whether rolled or drawn through dies or rolls, or otherwise produced, and all other wire not specially provided for in this section, shall pay a duty of not less than thirty-five per centum ad valorem; on iron

---

[1] Reported in T. D. 33838 (25 Treas. Dec., 362).

or steel wire coated by dipping, galvanizing or similar process with zinc, tin, or other metal, there shall be paid two-tenths of one cent per pound in addition to the rate imposed on the wire of which it is made: *Provided further*, That articles manufactured wholly or in chief value of any wire or wires provided for in this paragraph shall pay the maximum rate of duty imposed in this section upon any wire used in the manufacture of such articles and in addition thereto one cent per pound: *And provided further*, That no article made from or composed of wire shall pay a less rate of duty than forty per centum ad valorem; telegraph, telephone, and other wires and cables composed of metal and rubber, or of metal, rubber, and other materials, forty per centum ad valorem; barbed fence wire, three-fourths of one cent per pound, but the same shall not be subject to any additional or other rate of duty hereinbefore provided; wire heddles or healds, twenty-five cents per thousand, and in addition thereto, forty per centum ad valorem.

It is contended by the importers' counsel that the first proviso of the paragraph above quoted providing that—

all wire composed of iron, steel, or other metal except gold or silver, covered with cotton, silk, or other material, corset clasps, corset steels, dress steels, and all flat wires, and steel in strips, not thicker than number fifteen wire gauge and not exceeding five inches in width, whether in long or short lengths, in coils or otherwise, and whether rolled or drawn through dies or rolls, or otherwise produced, and all other wire not specially provided for in this section, shall pay a duty of not less than thirty-five per centum ad valorem—

should be construed as establishing the rate of the commodity here in question at 35 per cent as a primary rate. Such construction would clearly do violence to the language of the paragraph, as it involves a reading of the words "not less than thirty-five per centum" as though the words "not less than" had been omitted, and as though the provision had read "shall pay a duty of thirty-five per centum." This contention is based upon the claim that all the materials named in this proviso are made dutiable by other provisions of law (if held to fall without the proviso) at a rate higher than 35 per cent, thus leaving the proviso as it appears in the paragraph wholly inoperative and unnecessary, and it is contended that a construction should be given which would leave some room for the application of the 35 per cent rate. Without doubt courts should, where it can be consistently done, so construe a statute as to give effect to all of its provisions, and the court will be alert to attribute such a meaning to the words employed as to give this effect. United States *v.* White (2 Ct. Cust. Appls., 80; T. D. 31632). Endlich on Interpretation of Statutes, section 295; United States *v.* Kirby (74 U. S., 486). But the case must be a very clear one, if it ever arises, in which a court will strike out words which in plain terms limit the operation of a clause which, but for such words, would be operative. A consideration of the nature of this proviso conduces to the conviction that this is not such an instance. The proviso is clearly in the main a minimum provision, as was held by us in Schloss *v.* United States (3 Ct. Cust. Appls., 459; T. D. 33038). The very nature of a minimum provision is to provide against a possible oversight by which an article might have

otherwise fallen within a classification at too low a rate. The enactment of such a provision does not necessarily imply that such instances in fact exist, but are inserted as an added safeguard against errors in legislation. The question is ruled by Schloss *v.* United States, *supra.*

The Government contends that by the terms of the second proviso there should be added 1 cent per pound to the duty imposed upon the articles made of wire, though they are held dutiable under the metal paragraph. The idea seems to be that the wires used in this article are provided for in this paragraph, although held not dutiable under the paragraph at all, but under another paragraph. We do not so construe this language. We think what was meant was that articles manufactured wholly or in chief value of any wires the duty upon which is provided for by the paragraph should pay the additional rate of 1 cent per pound. This view is expressed in Schloss *v.* United States, *supra.* It is sought to distinguish the two cases by stating that the articles there considered paid duty as silk and not as wire, while the present importation pays duty, it is said, as wire under paragraph 199. It does not, however, pay duty as wire *eo nomine,* but as articles composed of metal. The cases are not to be distinguished.

*Affirmed.*