HENRY POLLAK (INC.) *v.* UNITED STATES (No. 3319)[1]

United States Court of Customs and Patent Appeals, November 10, 1930

*A. H. Goodman* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Peter A. Abeles*, special attorney, of counsel), for the United States.

[Oral argument October 15, 1930, by Mr. Goodman and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Imported merchandise, consisting of hats in chief value of tissue paper, was assessed for duty by the collector at the port of New York as manufactures of paper at 35 per centum ad valorem under paragraph 1313 of the Tariff Act of 1922.

PAR. 1313. Papers and paper board and pulpboard, including cardboard and leatherboard or compress leather, embossed, cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes or other articles, plain or printed, but not lithographed, and not specially provided for; paper board and pulpboard, including cardboard and leatherboard or compress leather, laminated, glazed, coated, lined, printed, decorated, or ornamented in any manner; press boards and press paper, all the foregoing, 30 per centum ad valorem; test or container boards of a bursting strength above sixty pounds per square inch by the Mullen or the Webb test, 20 per centum ad valorem; stereotype-matrix mat or board, 35 per centum ad valorem; wall pockets, composed wholly or in chief value of paper, papier-mâché or paper board, whether or not die-cut, embossed, or printed lithographically or otherwise; boxes, composed wholly or in chief value of paper, papier-mâché or paper board, and not specially provided for; *manufactures of paper, or of which paper is the component material of chief value, not specially provided for, all the foregoing, 35 per centum ad valorem.* [Italics ours.]

The importer protested, claiming that the merchandise was properly dutiable as articles composed in chief value of tissue paper, at either 6 cents per pound and 15 per centum ad valorem, or at 5 cents per pound and 15 per centum ad valorem under paragraph 1304.

PAR. 1304. Papers commonly known as tissue paper, stereotype paper, and copying paper, india and bible paper, condenser paper, carbon paper, coated or uncoated, bibulous paper, pottery paper, tissue paper for waxing, and all paper similar to any of the foregoing, not specially provided for, colored or uncolored, white or printed, weighing not over six pounds to the ream of four hundred and eighty sheets on the basis of twenty by thirty inches, and whether in reams or any other form, 6 cents per pound and 15 per centum ad valorem; weighing over six pounds and less than ten pounds to the ream, 5 cents per pound and 15 per centum ad valorem; india and bible paper weighing ten pounds or more and less than eighteen pounds to the ream, 4 cents per pound and 15 per centum ad

valorem; crêpe paper, 6 cents per pound and 15 per centum ad valorem: *Provided*, That no article composed wholly or in chief value of one or more of the papers specified in this paragraph shall pay a less rate of duty than that imposed upon the component paper of chief value of which such article is made.

On the trial below, the following stipulation was entered into by counsel for the parties:

The merchandise in this case consists of articles composed mainly or in chief value of tissue paper the weight of which is 6.3444 pounds to the ream of 480 sheets, 20 by 30 inches. It is so stipulated between counsel.

The case was considered by the court below on the theory that the 35 per centum ad valorem rate of duty provided in paragraph 1313, for manufactures of paper, is higher, for the involved articles, than the combined specific and ad valorem rates of duty provided in paragraph 1304. The case has been presented to this court on the same theory, and, although there is nothing in the record, unless it may be implied from the collector's classification, to substantiate it, we will proceed to consider the involved questions of law upon this hypothesis.

It was contended by counsel for the importer on the trial below, and it is contended here, that the *proviso* in paragraph 1304 was intended by the Congress to provide a primary and maximum rate of duty for all articles composed wholly or in chief value of any of the papers provided for in the paragraph; and that, as the involved articles are composed in chief value of tissue paper, they are more specifically described in paragraph 1304 than as manufactures of paper, not specially provided for, in paragraph 1313.

In support of his proposed construction of the *proviso* in paragraph 1304, counsel for the importer has cited the case of *United States* v. *Mason Bros. & Co.*, 2 Ct. Cust. Appls. 236, T. D. 31957.

Counsel for the Government contends, and the court below held, that paragraph 1304 is essentially a paper paragraph; that the *proviso* is, and was intended to be, a minimum rate provision, and can be invoked only in the event that articles composed wholly or in chief value of any of the various kinds of paper specified in the paragraph, are provided for elsewhere in the act at a rate of duty less than that provided in paragraph 1304; that the rate of duty provided in paragraph 1313 for manufactures of paper is higher, for the involved articles, than the combined rates of duty provided in paragraph 1304; and that the construction of the *proviso* in paragraph 1304, proposed by counsel for the Government, is consistent with the decisions of this court in the following cases: *United States* v. *Mason Bros. & Co.*, *supra; Schloss Co.* v. *United States*, 3 Ct. Cust. Appls. 459, T. D. 33038; *United States* v. *McCoy Co. et al.*, 4 Ct. Cust. Appls. 396, T. D. 33838; *United States* v. *Bush & Co. et al.*, 4 Ct. Cust. Appls. 519, page 521, T. D. 33938.

In the case of *United States* v. *Mason Bros.*, *supra*, the imported merchandise consisted of fans composed in chief value of tissue paper. The fans were assessed for duty by the collector under paragraph 410 of the Tariff Act of 1909, as articles composed in chief value of tissue paper. Counsel for the importer contended that, as they were in chief value of paper, they were properly dutiable as manufactures of paper at 35 per centum ad valorem under paragraph 420 of that act. The pertinent part of paragraph 410 reads as follows:

PAR. 410. Papers commonly known as * * * tissue paper, * * * five cents per pound and fifteen per centum ad valorem * * *: *Provided,* That no article composed wholly or in chief value of one or more of the papers specified in this paragraph shall pay a less rate of duty than that imposed upon the component paper of chief value of which such article is made.

It appears from the record in that case that the 35 per centum ad valorem rate of duty provided in paragraph 420 for manufactures of paper was a less rate of duty, for the fans in question, than the combined specific and ad valorem rates provided in paragraph 410. With these facts before it, although they were not discussed in the opinion, this court said:

* * * it seems perfectly clear that the proviso in question covers all articles composed of tissue paper, *and in providing that such articles shall pay no less rate of duty than that imposed upon the component paper of chief value of which such article is made*, the language of the act itself fixes the classification *for the present importation*. [Italics ours.]

It will be observed that the *proviso* in paragraph 410 of the Tariff Act of 1909 is identical with the *proviso* in paragraph 1304 of the Tariff Act of 1922.

When the language of the court in the *Mason* case is read in the light of the fact that the 35 per centum ad valorem rate of duty provided in paragraph 420 of the act of 1909 for manufactures of paper *was less*, for the articles there involved, than the combined specific and ad valorem rates of duty provided in paragraph 410 of that act, it would seem to be clear that the court did not hold, as argued by counsel for importer, that the *proviso* in paragraph 410 of the Tariff Act of 1909 was a primary and maximum rate provision, but on the contrary held that, due to the fact that the 35 per centum rate of duty provided in paragraph 420 of that act for manufactures of paper was *less*, for the articles there involved, than the combined specific and ad valorem rates of duty provided in paragraph 410, the *proviso*, being a minimum rate provision for articles composed in chief value of tissue paper, fixed the classification of the articles there under consideration.

In the case of *United States* v. *McCoy Co. et al., supra,* this court construed the first *proviso* in paragraph 135 of the Tariff Act of 1909, which read:

* * * all wire composed of iron, steel, or other metal, except gold or silver, covered with cotton, silk, or other material, corset clasps, corset steels, dress steels, and all flat wires, and steel in strips, not thicker than number fifteen wire gauge and not exceeding five inches in width, whether in long or short lengths, in coils or otherwise, and whether rolled or drawn through dies or rolls, or otherwise produced, and all other wire not specially.provided for in this section, *shall pay a duty of not less than thirty-five per centum ad valorem;* * * * [Italics ours.]

The opinion in that case was written by Montgomery, presiding judge, who had previously written the opinions in the *Mason Bros.* and *Schloss Co.* cases, *supra.*

Counsel for the importers contended in that case precisely as counsel for the importer contends in the case at bar, that the language "shall pay a duty of not less than thirty-five per centum ad valorem" contained in the *proviso*, should be construed as establishing a primary and maximum rate of duty for the merchandise therein provided for.

The court held that the construction urged by counsel involved "a reading of the words 'not less than thirty-five per centum' as though the words 'not less than' had been omitted, and as though the provision had read 'shall pay a duty of thirty-five per centum'"; that such a construction would do violence to the language of the paragraph; and that the *proviso* did not provide a primary and maximum rate of duty, but, on the contrary, was plainly intended to provide a minimum rate of duty for the articles and materials specified in the paragraph.

In the *Mason Co.* case, *supra*, the combined specific and ad valorem rates of duty for tissue paper provided in paragraph 410 of the Tariff Act of 1909 were higher, for the tissue-paper fans there involved, than the 35 per centum ad valorem rate of duty provided in paragraph 420 of that act for manufactures of paper. Accordingly, the court held the fans dutiable under paragraph 410 by virtue of the language of the *proviso* in that paragraph.

In the *McCoy Co.* case, *supra*, the 45 per centum ad valorem rate of duty provided in paragraph 199 of the Tariff Act of 1909 was a higher rate of duty, for the merchandise there involved, than the minimum rate of duty of 35 per centum ad valorem provided in the *proviso* of paragraph 135 of.that act, and so the court held that the merchandise was properly assessed for duty by the collector at the higher rate provided in paragraph 199.

We are of opinion that the principles announced in the *Mason Co.* and *McCoy Co.* cases, *supra*, are applicable to the issues in the case at bar; and that the *proviso* in paragraph 1304 was intended to provide a

minimum, not a primary nor a maximum, rate of duty for articles composed wholly or in chief value of the papers therein provided for. Accordingly, the case having been presented to the court below and to this court on the theory that the 35 per centum rate of duty provided in paragraph 1313 for manufactures of paper is a higher rate of duty, for the articles in question, than the combined specific and ad valorem rates provided in paragraph 1304, we must hold that the merchandise was properly classified by the collector under paragraph 1313.

The judgment is *affirmed.*