(C. D. 2027)

GOLD SEAL IMPORTERS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

`(Decided September 30, 1958)

*Brooks & Brooks* (*John Joseph McDermott* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This cause of action relates to an importation of certain beaded plaques from Belgium. The merchandise is used in the production of women's beaded handbags and consists of a net base with beads crocheted thereon.

Since the net base was manufactured on a lace or net machine, the collector of customs classified the involved plaques as "articles in chief value of beads in part net," and duty was assessed thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.

Plaintiff, by timely amendment, claims the merchandise to be properly dutiable at 45 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, by virtue of the second proviso contained in paragraph 1503 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and made effective by the accession of China to the General Agreement on Tariffs and Trade, 83 Treas. Dec. 166, T. D. 51909.

All claims contained in the original protest were abandoned by counsel for plaintiff, who relies solely on the claim presented by the amended protest.

The pertinent provisions of the various paragraphs involved herein are as follows:

Paragraph 1529 (a) of the Tariff Act of 1930:

* * * all fabrics and articles made on a lace or net machine, all the foregoing, plain or figured; * * * all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem. * * *

Paragraph 1503 of the Tariff Act of 1930 contains the following proviso:

* * * *Provided further,* That no article composed wholly or in chief value of any of the foregoing beads or spangles shall be subject to duty at a less rate than is imposed in any paragraph of this Act upon such articles without such beads or spangles.

Paragraph 1503 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802:

*Provided,* That for the purpose only of applying the second proviso to paragraph 1503, Tariff Act of 1930, to articles provided for in this item, each rate of duty applicable on January 1, 1945, shall be reduced by 50 per centum of such rate.

Paragraph 1503 of the Tariff Act of 1930, as modified by the accession of China to the General Agreement on Tariffs and Trade, 83 Treas. Dec. 166, T. D. 51909:

*Provided,* That for the purpose only of applying the second proviso to paragraph 1503, Tariff Act of 1930, to articles provided for in this item, each rate of duty "existing" (within the meaning of section 350, Tariff Act of 1930, as amended by the Act of July 5, 1945) on January 1, 1945, shall be reduced by 50 per centum of such rate.

The original case tried covering this merchandise was *Gold Seal Importers, Inc.* v. *United States,* 35 Cust. Ct. 322, Abstract 59501. The matter was then re-tried, incorporating the record in the above case, and is reported in *Gold Seal Importers, Inc.* v. *United States,* 38 Cust. Ct. 362, C. D. 1888. In the case at bar, the record and exhibits in the *Gold Seal* case, C. D. 1888, *supra,* were incorporated and the case submitted with no further testimony being offered.

The evidence in the previous cases establishes by agreement that the sample of the merchandise, received as exhibit 1, is in chief value of beads and is not ornamented, and the beads are attached to a base of net. In addition thereto, a vice president of plaintiff corporation described the use of the imported article and introduced various exhibits.

Since plaintiff concedes that the involved merchandise is within the purview of paragraph 1529 (a), *supra,* we feel that it is not necessary to unduly extend this decision by setting forth the testimony of the witness. The only question, therefore, is whether the rate of duty applicable to the involved merchandise—admittedly in part of net and properly within the purview of paragraph 1529 (a), *supra*—is controlled by the language contained in the second proviso of paragraph 1503 of the Tariff Act of 1930, and as modified by T. D. 51802, *supra,* and T. D. 51909, *supra.*

An examination of the second proviso contained in paragraph 1503 of the Tariff Act of 1930 clearly indicates that said proviso is not one of classification prescribing a primary rate of duty but merely provides

for a minimum rate of duty. It contains no limitation upon the maximum rate to be imposed upon articles composed wholly or in chief value of beads.

In *Henry Pollak (Inc.)* v. *United States*, 18 C. C. P. A. (Customs) 219, T. D. 44402, certain tissue paper hats were held to be properly classified by the collector of customs as manufactures of paper under paragraph 1313 of the Tariff Act of 1922 and not as articles composed in chief value of tissue paper under paragraph 1304, Tariff Act of 1922, which contained the following proviso:

* * * *Provided*, That no article composed wholly or in chief value of one or more of the papers specified in this paragraph shall pay a less rate of duty than that imposed upon the component paper of chief value of which such article is made.

The court held that the proviso in paragraph 1304 of the Tariff Act of 1922 was intended to provide a minimum, not a primary or a maximum, rate of duty for articles composed wholly or in chief value of the papers therein provided for, citing the cases of *United States* v. *Mason Bros. & Co.*, 2 Ct. Cust. Appls. 236, T. D. 31957, and *United States* v. *McCoy Co. et al.*, 4 Ct. Cust. Appls. 396, T. D. 33838.

Similarly, in the instant case, the language contained in the second proviso of paragraph 1503 of the Tariff Act of 1930, and as modified, *supra*, provides for a minimum rate of duty and not a primary nor maximum rate of duty for the beaded articles involved herein. The primary rate of duty provided for "fabrics and articles made on a lace or net machine," as contained in paragraph 1529 (a) of the Tariff Act of 1930 is 90 per centum ad valorem, as assessed by the collector of customs. The net base of the article involved herein is obviously within the purview of the primary rate of 90 per centum ad valorem provided for in paragraph 1529 (a) of the Tariff Act of 1930. The same article with beads crocheted thereon must, therefore, be held dutiable at the primary rate of duty. To hold otherwise would be wanton disregard of the explicit language contained in said second proviso, *supra*.

In *United States* v. *Ewing & Clancey*, 3 Ct. Cust. Appls. 333, T. D. 32624, certain imitation silk braid in chief value of beads were before the court for determination of their proper classification. There were two provisos involved in that case, and the court, in construing the proviso contained in paragraph 421 of the Tariff Act of 1909, the predecessor of paragraph 1503 of the Tariff Act of 1930 which contained substantially the same language, reasoned as follows:

The proviso to paragraph 421, that no article of which the beads are the chief value shall pay duty at a less rate than is imposed in any paragraph upon that article without the beads, seems irresistibly to lead to the conclusion that when such a combination exists the first thing to be determined is what is the rate of duty that such other article would be required to pay provided it had been imported without the beads attached, and when it has been ascertained, to compare

the same with the 60 per cent ad valorem rate provided for in the body of paragraph 421; and if it be found to be less than 60 per cent ad valorem the law is satisfied and the duty thereon shall be such 60 per cent ad valorem; but if it is found to be more, such greater rate is the rate to be assessed upon the imported article instead of the 60 per cent ad valorem rate.

Applying the above reasoning to the case at bar, we find that the 90 per centum ad valorem rate prescribed by paragraph 1529 (a) of the Tariff Act of 1930 satisfies the law and that such rate is the one applicable to the merchandise involved herein.

In view of the reasoning and the principles of law, *supra*, we deem it unnecessary to consider the information contained in the summaries of tariff information, cited by plaintiff. We have considered the cases cited by plaintiff and do not regard them applicable herein, in view of the conclusion indicated, *supra*.

Accordingly, the merchandise is properly dutiable at 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, as classified by the collector of customs. All claims of the plaintiff are, therefore overruled.

Judgment will be rendered accordingly.